UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIET THOMPSON,

                Plaintiff,

   -against-

JEWISH HOME and HOSPITAL
LIFECARE SYSTEM,

               Defendant.
------------------------------------------------------------x

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

**06 CIV. 4770**
Index No.

Assigned Judge: **ROBINSON**

    Plaintiff Juliet Thompson, by and through her attorney, Paul N. Cisternino, as and for her complaint, alleges as follows:

## INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

    3. Plaintiff alleges herein that she was subjected to sexual harassment, denied

the equal terms, conditions and privileges of employment and terminated in retaliation for complaining of and opposing discriminatory actions by the Defendant.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the New York State Division of Human Rights and her complaints were dual filed with the United States Equal Employment Opportunity Commission. Plaintiff requested and received written dismissals from the Division; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is an African American female who at all times relevant herein resided in Westchester County within the State of New York.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the Defendant as a food service worker since October 1994.

11. During the period relevant herein, Plaintiff's direct supervisor has been Irene Spivey ("Spivey"); she was also supervised by Production Supervisor Tony Green ("Green").

12. During the relevant period, the Plaintiff has been repeatedly subjected to various kinds of offensive and objectionable behavior by Green to which male employees were not subjected, including but not limited to unwanted physical contact by Green and offensive comments, such as a request to another African-American co-worker named "Sophie" to "take your black t*** [slang word for breasts] out."

13. On or about July 8, 2005 Green approached Plaintiff, forcibly hugged her, asked what she was wearing under her jacket, and, despite her vehement protests, proceeded to unzip her jacket, exposing her breasts which were covered only by a "tube" top; at this time, Green also made a comment to the effect "let's see real breasts instead of fake ones."

14. Plaintiff formally complained of Green's offensive behavior to Director of Food and Nutrition Services Lawrence Strumpf ("Strumpf") on August 5, 2005.

15. Although a so-called "investigation" was conducted and revealed that Green

had in fact engaged in unacceptable conduct, the Defendant chose only to apprise Green of their anti-harassment policy and instructed him to stop such behavior; no significant remedial action was taken by the Defendant in response to Plaintiff's complaint.

16. After this complaint, Green and other Defendant supervisors began a program of retaliating against the Plaintiff, by, *inter alia*, intensely scrutinizing her mode of dress and her time and attendance.

17. On or about August 24, 2005, Plaintiff was asked by Spivey to lower the zipper on her sweatshirt to reveal what she was wearing underneath.

18. Believing that this request constituted continued harassment and/or retaliation, Plaintiff refused to comply and was summoned to Strumpf's office and forced to lower her zipper in front of both Strumpf and union representative Winston Sullivan.

19. Because the offensive behavior had been allowed to continue unremedied, Plaintiff filed a complaint with the New York State Division of Human Rights on or about August 24, 2005 alleging sexual harassment, amending it on November 21, 2005 to include allegations of retaliation and wrongful termination.

20. On November 16, 2005, Plaintiff arrived at work on time but went outside for a very short period to retrieve medications from her car.

21. Upon returning, Plaintiff was observed in the lobby by Strumpf and the Assistant Food Director and accused of being fifteen minutes late.

22. Plaintiff wasn't allowed to explain the circumstances regarding retrieving her medication.

23. Plaintiff was summoned to Strumpf's office later that day and, without any advance warning, told she was being terminated.

24. Although accused of "stealing time," Plaintiff believes she was terminated for complaining about Green's harassment and the subsequent retaliatory treatment by various Defendant supervisors.

25. As of the current date, Plaintiff has still not received written notification of the reason for her termination.

26. At the time of her termination, Plaintiff was making a salary of approximately $25,000 per year.

27. Plaintiff has been unable to obtain suitable employment since being terminated by Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON GENDER/SEXUAL HARASSMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated, sexually harassed and illegally terminated due to her gender.

30. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON GENDER/SEXUAL HARASSMENT UNDER NEW YORK EXECUTIVE LAW §290

31. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as though fully set forth herein.

32. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated, sexually harassed and illegally terminated due to her gender.

33. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as though fully set forth herein.

35. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and illegally terminated for complaining of and opposing discriminatory practices by the Defendant.

36. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

37. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" as though fully set forth herein.

38. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and illegally terminated for complaining of and opposing discriminatory practices by the Defendant.

39. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juliet Thompson, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
       June 19, 2006

>                                    Law Office of Paul N. Cisternino, P.C.
>                                    *Attorneys for Plaintiff*
>
>                                    By: _____
>                                        Paul N. Cisternino (PC0317)
>                                    701 Westchester Avenue, Suite 308W
>                                    White Plains, New York  10604
>                                    (914) 997-0303

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )


<u>JUILIET THOMPSON</u>, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester, County
Commission Expires 3/1/07

_____
JULIET THOMPSON

Subscribed and sworn to before me this
19th day of June, 2006.

_____
Notary Public

9